IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMBER MOORE,[1] | § | |
| | § | No. 393, 2024 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN24-01339 |
| MICHELLE MOORE, | § | Petition No. 24-02017 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: July 11, 2025
Decided: September 19, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the parties' briefs and the Family Court record (including the transcripts of the May 6, 2024 hearing and the May 16, 2024 scheduling conference), we find it evident that the judgment below should be affirmed on the basis of and for the reasons cited by the Family Court in its August 20, 2024 order granting the appellee's petition for guardianship.[2] The appellant's

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] Post submission, the appellant filed two motions regarding the preparation of the May 6 hearing and May 16 scheduling conference. These motions are MOOT because those transcripts were prepared and delivered to the Court. The appellant also moved to present oral argument. This motion is DENIED because the Court was able to review the appellant's claim of error on the record before it. Finally, the appellant filed a motion to "investigate tampering [with the] trial transcript." This motion is DENIED as unfounded.

disagreement with the Family Court's credibility determinations and factual findings is not a basis for reversal,[3] and her claim of judicial bias is not supported by the record.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be affirmed.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *See Wife (J. F. V.), v. Husband (O. W. V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979) ("When the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before [her], those findings of the Trial Judge will be approved upon review, and we will not substitute our opinion for that of the trier of fact.").

[4] *See Los v. Los*, 595 A.2d 381, 384 (Del. 1991) (noting that disqualification on the basis of judicial bias "must stem from an extrajudicial sourse and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case").